The next case on the calendar for argument today is United States v. Leone, number 19-16-7. Good morning, Your Honor. Tim Murphy, appearing for Mr. Leone. Good morning. Good morning, Judge. I'm sorry to interrupt. Please go ahead. Your Honor, we raised a number of issues with regards to supervised release. I'd like to focus in, if I may, on condition number four, special condition number four, which addresses the prohibition of my client having contact with children. If I have time, Your Honor, I'd like to make a few comments with regards to the risk notification issue, which I understand that this court is awaiting the county decision to come out. So if I have time, I'll make some comments on this, if I may. Beginning with special condition number four, my client has been prohibited from having deliberate contact with children during the term of the supervised release, which is 10 years. The district court opined on the record that my client was a danger to the community because of his admitted attraction to young girls. And the court based that on four distinct factors that I just want to make mention of because I think it's critical to our argument. The first being, of course, that he possessed child pornography, which he pleads guilty to. But also, over a decade ago, he had texted a person that he believed to be a teenage girl and also sent to her or him, whoever it was, an inappropriate photo of himself, a body part. Then there were two other occasions, one where he observed a 15-year-old girl. She was the daughter of his boss at the time. He observed her in a bathing suit. He had gone home. He was gratified by this, but there was no contact with her. And then there was the situation with his sister, who was apparently in her early teens at the time, and he had observed her secretly undressed. And he was sexually gratified by this. There was also some issues regarding her undergarments. Now, the court has that before. The district court mentions these things on the record. However, there was no objection here, similar to the Blue decision last year. But the court, if there had been an objection, would have tried to tie these factors together to support the imposition of Factory No. 4. And in our estimation, looking through the lens of 3583, this would not have been a sufficient record, even if it had been addressed in district court. Yes, Your Honor. I thought you had said something. Your Honor, looking through 3583, district court was obligated to make sure that this condition was reasonably related to my client's history and circumstances, which, of course, included him never having been accused of a crime before. So let me ask one question, though. I was struck by the district court's statement that she was imposing what she considered to be a relatively short period of incarceration in light of the volume and nature of the illicit material that your client had accumulated over an extended period of time, and that if on appeal of the conditions, the many conditions that were imposed, there were any adjustment required that she would want to revisit the whole schema that she had imposed because she had serious concerns about safety and the community based on the volume and some of the activities he had engaged in, including the ones you've just described. And, you know, the record is, you know, still striking in terms of the volume of material and the type of material that he had accumulated. And, you know, yes, there are, you know, the incidents you described are somewhat dated, but they still suggest they're in-person interactions rather than just computer-driven images. And the district court seemed to feel very strongly about this based on this combination of events. So I find it difficult to second-guess on abuse of discretion review the terms of the risk notification condition. So perhaps you'll tell me why I'm wrong in that. Judge, I appreciate that question. On pages 128 to 131 is when the district court is doing what you're saying. In effect, if this thing comes back from the Second Circuit, I'm going to want to revisit the prison term. Well, Your Honor, a couple things about that. Apparently what the district court was most concerned with was the Second Circuit kind of clipping the wings of the probation department and their discretion, used as an example, and it was just an example, the mental health condition. Nowhere during, and I'm going to rely on those four pages for this reference, nowhere there from 128 to 131 in sentencing does the court address in any way this particular condition, this condition which this court has recognized to be an onerous one because of the deliberate contact with children really means deliberately going to a place that you know there are children. And that brings with it, of course, Thanksgiving, graduation, hospital, funeral, company picnics. We're asking this individual to come back, if you will, into society, but we're kind of telling him to hide under a desk. He doesn't say that at that point, but as you just pointed out, it can be if the reasons are obvious from the record still justified. And I think you pointed to the pieces of the record that seem to be the justification for that condition. And you said it's not enough, but why isn't it the case that spying on his sister and taking her underwear and receiving sexual gratification from it and then seeking out her friend's underwear is like interaction with minors that is worrisome and might justify that. Can you spell out a little bit your assertion for why you think that wouldn't justify the condition? Yes, Your Honor. And this would be, of course, sometimes I feel like a tax attorney going through 3583 and looking towards going towards the goal of sentencing, that is to protect the public, we look at the conditions of this individual. He's never been accused of doing anything in public before. And the conditions that are being imposed here, imposed otherwise, separate from condition number four, we have all the conditions that his computer is going to be monitored, not just for website, but also for financial transactions. We have the three layers of counseling, well-deserved, sex offense, mental health, substance abuse. His residence has to be approved by probation, searched, polygraphed twice a year, subject to SOAR for longer than this time period that he's under supervision. And he has to be employed during this time period. He has given no indication that he would do things in public. And this was something that was important to this court. But spying on his sister and seeking out her underwear and her friend's underwear might not be in public, but it involves other people. So the examples you just gave about maybe going to some kind of gathering that's at a private home but where children are present does sort of resemble that circumstance. And so maybe you're right that it would be overbroad if it prevented him from going to a restaurant where one just happens to know maybe there are some other patrons in attendance. But maybe it does apply to these kinds of gatherings. And since he can get preapproval, wouldn't the district court have the opportunity to make it more narrowly focused as he enters his term of supervised release? Well, what this court has been concerned about, and I think it was simplified in blue, relying on, of course, Jenkins, is this idea that it's such an onerous imposition. When we say to deliver contact to a child, what we're saying really is deliver contact with adults rather than our children. And while it's true that the items that I mentioned and the items that are in the probation report are things that someone would certainly need help for to get passed, they do not indicate that he would do things in public. And in light of that, this court had to do an individualized assessment, which it did not. And the sufficient but no greater than necessary is the lens that every district court has to look at. So if the district court were concerned about spying on his sister and obtaining her underwear and those kinds of interactions, which are not out in the public, but they're public in the sense that it involves other people, and wanted to prevent him from having contact with children under those kinds of circumstances, how do you think the condition should have been written? Are you saying the condition of condition number four? Yes. Which we don't think is appropriate at all. Oh, you think it's not appropriate at all? So you don't even think that this interaction with the sister and seeking out her underwear and her friend's underwear does not indicate a concern about interactions with minors? There's certainly, judges, and I apologize if it came out that way, that's my fault. It's not that there's no concern here. Of course, there's concerns. The concern is, is he going to act out in the public square? Because that's the concern that is addressed, I believe, mostly in the first sentence of condition number four. Now that there are things to be addressed here, through monitoring, through counseling, through all the things that are being otherwise imposed, all the things that this court has addressed in the past and has said, this is the situation where you have to be careful, is this sufficient but no greater than necessary? I'm beyond my time right now. I haven't addressed. This is on plain error. Your objection to number four is on plain error review, is that right? Could you say the first part of that question again, Your Honor? Your objection to condition four was not raised in the district court, as I understand it. That's completely accurate, Judge. What I would refer to, and to answer your question, the analysis that was done in the Blue decision, and I'll try to make this very quick, Blue has been cited a number of times for the proposition that plain error still, of course, applies. However, when this court applied plain error in Blue, it pretty much summed up the second and third elements this way. The district court's failure to explain its rationale is plain error because it is not obvious from the record why such a condition was reasonably necessary. In other words, yes, plain error applies, but I would ask, too, that this court apply it in the way that it was applied in Blue, kind of a relaxed version of it without necessarily saying all the elements out loud, but a relaxed version of the plain error doctrine. All right. You have two minutes to rebuttal, Mr. Murphy. Thank you, Your Honor. We'll hear from Ms. Lee. Good morning, Your Honors. May it please the court, my name is Tiffany Lee, and I represent the United States. Can everyone hear me? Yes. Okay. Thank you. In this case, Your Honors, the district court did not abuse its discretion when imposing the majority of the special conditions of supervised release that are at issue, and this court should affirm the sentence. As this court has noted, when it comes to imposing conditions of supervised release, the district court generally has wide latitude, so long as the conditions are reasonably related to certain statutory factors governing sentence, and so long as the condition involves no greater deprivation of liberty than is reasonably necessary for purposes of sentencing. As an initial matter, I was not going to be addressing the third-party risk notification condition at all in light of this court's statement in United States v. Escalera a few weeks ago in which it stated that because that panel is probably the first — the panel in United States v. Trafficante will be the first panel to address it, that it would not write on that issue. And given all the myriad of cases involving third-party risk notification between this case and Mr. Trafficante's case, I would defer making any argument on that issue. So just — so that's fine, but is it correct that whatever the Trafficante court decides will be dispositive of the claims here, so Mr. Leone doesn't raise an argument that was not raised in a prior case? Is that your position? That is my position, that basically Mr. Leone stands in the same grounds as Mr. Trafficante and a whole host of other defendants in between who basically argue that the third-party risk notification, as it currently stands in the Western District of New York pursuant to the standing order that exists, involves an improper delegation of judicial authority and should not be — Maybe you could say something about Special Condition 4. So you just heard from Mr. Leone's counsel that there's no history where he acted inappropriately with minors in public, and so there wasn't a justification for Special Condition 4. So what — how would you respond to that? I would respond, Your Honor, that first, Judge Parker was — is correct that this — the evaluation, the standard of review with respect to that specific special condition is under plain error analysis in that no objection had been made below. So the question before this court is whether the district court's imposition of Condition Number 4 is error, whether the error is clear or obvious rather than subject to reasonable dispute, and whether the error affected Mr. Leone's substantial rights, which in the ordinary case means it would have affected the outcome of the district court's proceeding, and then finally, whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Given all of that, the question in Blau is whether or not, in that case, Blau, the district court did not — there is nothing evident in the record to support imposition of a condition involving contact with children. This is not the case here. Here, the district court specifically outlined in pages 124 and 125 of the appendix why that condition was necessary, and she basically culminates with her statement that you, Mr. Leone, pose a danger to the community and, in particular, a danger to minors because of the fact that not only based on the volume of material that you possessed, the type of material you possessed, but also through your history and background, you have had instances in which you have been in situations in person where you've derived sexual pleasure from being in the presence of minors with respect to, you know, and being sexually aroused by those interactions. I have difficulty, and I hope you can help me, understanding exactly what this man is not supposed to do. Can, for example, he go to a baseball game? Can he walk through a mall? Those are where you see children all the time. That's true, Your Honor. That condition is basically — I think if he were to get prior permission from probation, he might be able to do those things. But generally, you're not supposed to be in vicinities where children would be, you know, most likely to be around, specifically schools, parks, potentially arcades. He can't go to a park? He can't go to a baseball game? Can he walk down the — if he walks down a street that happens to include children, is he violating the condition? No, it's — I mean, the issue here — Why not? Why not? Because it's deliberate contact, Your Honor. It's like deliberate, you know, deliberately going to a place, deliberately going to a place that he knows that he's not supposed to be going to. So it's deliberate contact with children. And so long as he reports to probation — Well, what about baseball? What about going to Shea State City Field? Well, he would not be able to go unless he has permission from his probation officer. So deliberate contact doesn't just include cases where he's deliberately planning to interact with children, but also if he deliberately goes to a place where it would be known that children are present. I think that is the way it's worded. So — But he doesn't have, you know, a lot of movements in public because children are present in a lot of places in public. And so then, you know, isn't it right that he actually hasn't — doesn't have a history of acting inappropriately with children in public places? And so what then is the justification for that kind of a restriction? No, the justification is for both, though. I mean, you know, it's arguable whether or not he's had that type of interaction in public, because certainly in the computer public sphere, he's had interactions with people where — in which he's discussing his interests or, you know, acquiring images of child pornography. Can he go to a bus station or a bookstore? Could he go to Borders? Your Honor, the way it would — the way this special condition is normally effectuated is, for example, we've had had instances in the district in which someone would argue or someone would report right away to their probation officer, I ran into — I went to a park — or, excuse me, I went to a Borders, and there were tons of kids. I went specifically — you know, it was during a kid's reading hour, and I didn't know that that was going to be the place. Oh, well, Borders has a huge — every Borders has a huge children's book section. And if you go to Borders, the children browsing books. So he can't go to a bookstore, right? Well, the way the loitering provision reads, Your Honor, specifically states that the defendant shall not loiter within 100 feet of schoolyards, playgrounds, arcades, or other places primarily used by children under the age of 18. The first part of it says the defendant shall not have deliberate contact with any child under the age of 18, excluding his biological or adopted children, unless approved by the probation officer or by the court. So your Borders example would arguably fall under the second prong, but I would articulate that he would not get in trouble because it's not a place primarily used by children. Well, neither is a baseball stadium, but a moment ago you said that he wouldn't be able to go to the baseball stadium to watch a baseball game because it's known that many children are there, but there also are many adults, too. So is it correct what you said a moment ago, that it also would prevent him from going to a baseball game? Well, again, I misspoke in terms of the baseball game because, again, I don't think it's necessarily a place that's primarily used by children. Children do go, but it's not a place primarily used by them. So I think that's where the distinction is. I have Yankee season tickets. I've never been to a Yankee game that didn't have a lot of children. Correct, but it's the adult who is buying the tickets, Your Honor, for the children to go, for the most part, especially to the Yankee game. So what? The children are there. I know, but I don't think that the defendant is necessarily prohibited by going to a game at Yankee Stadium. Indeed, this condition has been around for some time, and I have not seen it invoked in terms of a violation because a defendant under supervision has gone to a baseball game. But the issue here is whether or not the district court has the discretion to impose such a condition. It sounds like, from what you've just said, that you think that what the condition prohibits is from him deliberately going to a place primarily used by children or deliberately going to a place specifically to meet with children. But if he's going to a place that is used by adults, but children happen to be there, it would not be a violation of the condition. Is that correct? Correct. But that's not what the judge said. That's not how the condition reads. I think that's a perfectly reasonable term to impose, but the problem we have is that's not what the judge did. I think that's what the judge did, Your Honor. I think that's where I would disagree. Well, that's not what the judge said. I know. Can I ask you a question? Is this, as formulated, Special Condition 4, is this as it appears as a regular matter in the Western District as a special condition where a judge has concerns about contact with children, or is this something unusual? No, it's not something unusual, Your Honor. The wording is pretty much standard. I recall, I would say maybe 10 years ago, there was adjustment to the loitering language vis-a-vis because there had been a Second Circuit case issued. Unfortunately, I do not know the name of that case off the top of my head, but it was limited to specifically describe other places primarily used by children. I have some questions about this condition, and they stem from the fact that I don't really understand it. How am I to interact with the judge's admonition that if we challenge it, he can expect a higher incarceratory sentence? Your Honor, I think she was just simply imposing. Well, first of all, this was not one of the conditions that had been objected to before the District Court, so it's not as if the District Court even had the opportunity to assess because Mr. Leone did not challenge this condition below. She was pretty clear. She said if he gets released on any special conditions, I'm going to increase his sentence. I think she said that. What are we supposed to look at? That's almost a threat. Your Honor, I don't think the District Court was threatening. I think she was just simply stating the fact that when she was considering a sentence for this particular defendant, this was within the panoply of options she had. She could have given him a longer sentence up front with a shorter period of supervised release with different conditions, but to the extent that if she had to go back to the drawing table, she may reevaluate in terms of the length of the sentence. She would want the opportunity to consider everything again. We had particular objections also to how the special condition is phrased. Those are something that she could address as well. Correct, and you could provide direction to the District Court in terms of any of those issues. All right. I just have one last question. You said in some prior cases, I think Burdick is one that's cited in the papers, that when a defendant is challenging a condition as overbroad or vague, we've said that that kind of a claim isn't ripe until we know that the condition is going to be applied in an overbroad way or an arbitrary way for vagueness. Do you think, if it turns out that he's not allowed to go to baseball games or those kinds of places that you've represented here, he should be allowed to go to, that he could come back? I think he can always go back to the District Court and say, listen, I want this modification because I do not understand. I'm being told I could go by one person and then someone else is telling me I can't go. Under those circumstances, there is that modification provision of conditions within, I think it's 3583E, and so the District Court does have the discretion in terms of reworking it. The issue here before you with respect to special condition number four is whether or not the District Court committed plain error in imposing it and whether or not there's anything in the record to support it. And the government admits that there is plenty in the record to support its imposition, and it does not pass plain error review. Thank you very much. Mr. Murphy, you have two minutes to rebuttal. Thank you, Your Honor. I want to refer to page 194 of the Jenkins decision. Excuse me. This was relied on in the blue decision from last year. It was authored by Judge Parker. An example given there in analyzing a very similar provision was that this restriction would apply in full to all routine family interactions, for example, Thanksgiving dinners. The problem here, Your Honor, is not the second sentence. The second sentence deals with the murdering within a hundred states. There's nowhere in this provision that says primary for children. If I intend to go somewhere and there happen to be children there, I have to fight off a violation. That's the bottom line to this. We're asking this individual to fight off a violation. You haven't engaged in deliberate contact with a child. That is a possible reading of the language, isn't it? That's not something that I would want to risk my freedom on, Judge, and that's the problem. That's the problem right there. Well, in terms of risking your freedom, so the government has just told us that that is the way we should understand it. And so if it turns out that, as applied, it's more restrictive than the government has represented, it can be modified. But why do we have a conflict right now when what you want is what the government is saying the condition already says? It doesn't seem that the Second Circuit is consistent with what the government is saying, and that's our problem with this. There's no question, Your Honor, that deliberate contact does not require the mens rea of going there for the purpose of being near a child. There's no question about that. The point is, deliberate contact with a child really means the law-abiding supervising cannot really have contact with adults in normal situations. And what we're going to be asking of these individuals after the supervised term is over is after you've been, you know, hiding under a table for 10 years, now we want you to interact again. And it just doesn't make sense. Last point on this, if I may, the question is not whether this is an abuse of discretion standards. The question is whether the court actually looked through the lens of 3583 and found this to be sufficient but no greater than necessary. And we believe that there's no record support for that. So if the condition said what the government now says it says, which is you can't go to a place primarily used by children or to a place used by adults if you have the purpose to interact with children, would that be justified by the record? The record, it would be, we don't believe there's a justification for the type of restriction where it can be interpreted that he can't be around other adults but there happen to be children there. That's how I would answer that. And I apologize if that's not as direct. Under this condition, he can't go to his 2-year-old's birthday party? I believe there is a provision in there. Well, there's an exception for biological children. There's an exception for biological children and adopted children. But there will be other children at the birthday party. I see what you're saying. I agree with that. I would agree with that under that condition. So he'd have to get approval for that. Not that he couldn't go. He would need to get approval. Is that correct? That's correct. Is that right? That's correct. Yes, Judge. I think we have heard your arguments. We have your briefing. We will take the matter under advisement. Thank you, Your Honor. Thank you very much. Thank you, Mr. Murphy.